**HEARING DATE: March 2, 2023**
                                                  **HEARING TIME: 3:00pm**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____X
IN RE:

Seleida Inirio Crespo,                               CH. 7
                                                        Case No. 23-40034-NHL

        Debtor.
_____X

**NOTICE OF HEARING ON MOTION SEEKING ENTRY OF AN ORDER: (I) GRANTING IN REM RELIEF FROM STAY; AND (II) GRANTING RELIEF FROM STAY**

**PLEASE TAKE NOTICE** that the undersigned, being the attorney for FLA Mortgage Capital 2, LLC (the "Movant") will move remotely before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge on the **March 2, 2023 at 3:00 p.m.** United States Bankruptcy Court for the Eastern District of New York, located at the Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East, Suite 1591, Brooklyn, NY 11201-1800 for an Order: (1) granting Movant *in rem* relief from the automatic stay pursuant to Section 362(d)(4) with respect to the real property known as 1282 Sutter Avenue, Brooklyn, NY 11208 (the "Sutter Ave Property"); and (2) Granting Movant Relief from Stay as to the Property pursuant to Sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE**, **that the hearing on the within application will be not be held in person and instead will be conducted telephonically. No in-person hearing will be held at the Courthouse.**

Any party appearing telephonically must register their appearance at least 48 Hours before the hearing. The Judge's Procedures, including the instructions and web link for registering for a court hearing appearance, are posted on the Court's website at https://www.nyeb.uscourts.gov/content/judge-nancy-hershey-lord

Telephonic Dial-In Instructions:

1. Dial in Number 888-363-4734
2. Access Code – 4702754
3. Announce who you are each time before speaking
4. Avoid the use of a speaker phone (use a landline if possible)
5. All persons not speaking should mute their phones
6. Speak up and enunciate so that you can be heard and understood

**PLEASE TAKE FURTHER NOTICE**, that objections to the relief requested in the Motion must be in writing, stating with specificity the basis or bases on which such party in interest objects to the within Motion, filed with the Bankruptcy Court at the Court's website www.nyeb.uscourts.gov (Password and Login Required) and must be served upon counsel to the Debtor: Law Office of Charles A. Higgs, Esq., 2 Depot Plaza, Suite 4, Bedford Hills, NY 10507 Attn: Charles A. Higgs, Esq. with a copy to Chambers on or before SEVEN (7) days prior to the return date of the motion.

Dated: Bedford Hills, NY
January 30, 2023

/s/ Charles A. Higgs
Charles A. Higgs, Esq.
Law Office of Charles A. Higgs
*Attorneys for Movant*
2 Depot Plaza
First Floor, Suite 4
Bedford Hills, NY 10507
(917) 673-3768

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────X
IN RE:

Seleida Inirio Crespo,                    CH. 7
                                          Case No. 23-40034-NHL

        Debtor.
───────────────────────────────────────────X

**AFFIRMATION IN SUPPORT OF MOTION FOR RELIEF FOR RELIEF FROM STAY;
AND IN REM RELIEF FROM STAY;**

    Charles A. Higgs, of The Law Office of Charles A. Higgs, attorneys for FLA Mortgage Capital 2, LLC ("Movant"), submits the following Affirmation in Support of Movant's Motion for In Rem Relief from Stay, and Relief from Stay.

1. I am the attorney for the Movant in the above captioned case.

2. The information in the Motion is based upon my review of the documents and information provided by the Movant as well as my review of the dockets in the Debtor's prior bankruptcy cases. Based upon my review of the above, the information in this Motion is true and correct.

3. I make this Affirmation in Support of Movant's Motion for entry of an Order (1) granting Movant *in rem* relief from the automatic stay pursuant to Sections 362(d)(4) with respect to the real property known as 1282 Sutter Avenue, Brooklyn, NY 11208 (the "Sutter Ave Property"); (2) Granting Movant Relief from Stay as to the Sutter Ave Property pursuant to Sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code.

4. On January 5, 2023 (the "Petition Date"), Seleida Inirio Crespo (the "Debtor") commenced the above bankruptcy case under Chapter 13 of the Bankruptcy Code.

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. § 105(a), 362(d)(1), 362(d)(2), and 362(d)(4).

6. The Debtor is the borrower on a note and mortgage secured against the real property known as 1282 Sutter Avenue, Brooklyn, NY 11208 (the "Sutter Ave Property"). The Property is subject to a first Mortgage held by Movant. A copy of the Note, Mortgage, and Assignments are attached as **Ex. A.**

7. On November 3, 2017, prior to the Petition Date, Movant obtained a Judgment of Foreclosure and Sale (the "JFS") in the pending state court foreclosure action, Kings County Supreme Court, Index No. 506766/2015 (the "Foreclosure Action").

8. Thereafter, a foreclosure sale of the Property was scheduled for January 12, 2023 at 10:40am.

9. On January 5, 2023 (the "Petition Date"), the Debtor filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code. The most recent bankruptcy filing by the Debtor constitutes the Debtor's fourth bankruptcy filing, with each of the Debtor's previous three (3) bankruptcy cases having been dismissed for failure to take the steps necessary to prosecute the bankruptcy cases.

10. Debtor has filed the following previous bankruptcy cases, each of which were dismissed:

| Case Number | Chapter | Date Filed | Date Dismissed | Reason for Dismissal |
|---|---|---|---|---|
| EDNY18-40071 | 13 | 1/8/2018 | 2/23/2018 | Failure to: file schedules, the Statement of Financial Affairs, and |

|  |  |  |  | the Statement of Current Monthly Income. |
|---|---|---|---|---|
| EDNY 18-42602 | 13 | 5/3/2018 | 7/31/2018 | Failure to: file a Chapter 13 Plan, Certificate of Credit Counseling; Statement of Financial Affairs, Statement of Current Monthly Income; Complete Schedules; and Debtor failed to appear at the 341 meeting of the Creditors |
| EDNY 20-40950 | 7 | 2/18/2020 | 4/17/2020 | Failure to: file schedules, a statement of financial affairs, and a Statement of Current Monthly Income and Means Test |

11. In the Debtor's 2nd bankruptcy case, the Bankruptcy Court entered an Order dismissing the case with prejudice for a period of one (1) year.

12. As set forth in the attached Motion for Relief worksheet, the balance of the Mortgage is now over $1,317,272.83. **See, Motion for Relief Worksheet Attached as Exhibit B.**

13. Movant obtained a valuation of the Sutton Ave Property reflecting that the Property has a value of $783,000. As such, the Debtor has no equity in the Sutton Ave Property. A copy of the valuation obtained by Creditor is attached as **Exhibit C**.

14. The Debtor has failed to file Schedules, a Statement of Financial Affairs, or a statement of current monthly income in the current bankruptcy case, which follows the Debtor's pattern of bare bones filings.

15. Debtor's filing of the bankruptcy petition was done in bad faith, for the sole purpose of hindering and delaying Movant's ability to complete the foreclosure sale, and not with any honest goal of reorganization. Furthermore, Debtor does not have the ability to propose a feasible plan of reorganization.

16. While the Debtor's last bankruptcy case was dismissed in 2020, the COVID pandemic largely halted state court actions, now that the State courts are moving again the Debtor has once again filed a bankruptcy petition for the sole purpose of hindering and delaying Movant's ability to proceed with the foreclosure and complete the foreclosure sale of the Sutton Ave Property. The Debtor previously filed a bankruptcy on May 3, 2018, the day of a foreclosure sale scheduled for May 3, 2018 @ 2:30pm. The Debtor filed the above captioned case days before a scheduled foreclosure sale of the Sutton Ave Property.

17. Based on the above, the Court should grant Movant in rem relief from the bankruptcy stay pursuant to Section 362(d)(4), and relief from the bankruptcy stay pursuant to Sections 362(d)(1) and 362(d)(2).

18. The Orders granting dismissal of the Debtor's prior bankruptcy cases are attached as **Exhibit D**.

19. A Memorandum of Law is being filed with this Motion.

20. For the reasons above and for the reasons set forth in the attached Memorandum of Law, the Court should grant Movant's request for relief.

Dated: January 30, 2023
Bedford Hills, NY

/s/ Charles A. Higgs
Charles A. Higgs
Law Office of Charles A. Higgs
Attorney for the Movant
2 Depot Plaza, Suite 4
Bedford Hills, NY 10507
(917) 673-3768
Charles@Freshstartesq.com